UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In re: | |
|---|---|
| Aman Resorts Group Limited, | Chapter 11<br>Case No. 17-12811 (SCC) |
| Debtor. | |

### DECLARATION OF GERARD REM IN SUPPORT OF LIGHTRAY IMAGING'S OPPOSITION TO MOTION TO DISMISS THE CHAPTER 11 CASE OF AMAN RESORTS GROUP LIMITED

I, Gerard Rem, declare as follows:

1. I am a Managing Director of LightRay Companies, LLC, a Delaware limited liability company, which is the parent of LightRay Imaging, Inc. ("Lightray"), a Delaware corporation. I submit this declaration in support of LightRay's opposition to the Motion to Dismiss The Chapter 11 Case of Aman Resorts Group Limited ("ARGL").

2. LightRay is a Los Angeles based company that began investing in distressed assets in 2015, and in litigation funding in 2016.

3. It is my understanding that LightRay's principals were introduced to Erik Holling in November 2016 to discuss a potential litigation funding arrangement for Mr. Holling's claims against PHRGL and ARGL.

4. It is also my understanding that, over the next several weeks, LightRay performed customary due diligence into the validity of Mr. Holling's claims. As part of that due diligence, LightRay contacted Mohit Gujral, CEO of DLF Ltd ("DLF"), the prior owner of Aman Resorts. In 2014, DLF sold Silverlink Resorts Ltd. ("Silverlink"), the operating entity of Aman Resorts, to ARGL. LightRay was able to confirm that Mr. Holling and his partner Mr. Karan Singh, a

childhood friend of Mr. Gujral's, were indeed the individuals who had introduced Mr. Amanat to DLF and the Aman Resorts opportunity.

5. During the due diligence period, LightRay also reviewed a number of documents related to Mr. Holling's claims against PHRGL and ARGL, including a December 1, 2013 Finder's Fee Agreement between ARGL and Holling, the Settlement Agreement and Confession of Judgment, both dated January 28, 2014, and PHRGL's January 28, 2014 Guaranty and Indemnity Agreement for the benefit of Mr. Holling.

6. Following that due diligence period, LightRay purchased Mr. Holling's claims. LightRay and Mr. Holling then entered into the Claims Purchase Agreement on January 7, 2017 ("Holling Claims Purchase Agreement"), a redacted copy of which is attached hereto as Exhibit A.

7. It is my understanding that, between December 2016 and February 2017, Mr. Holling introduced LightRay to two additional creditors of PHRGL and ARGL, Thomas Evans of FHF Securities Ltd. ("FHF") and Raymond Kamel of BCA International ("BCA"). Thomas Evans and BCA proposed selling their claims against PHRGL and ARGL to LightRay. LightRay also performed customary diligence on those claims.

8. In connection with its due diligence on Thomas Evans' claims, LightRay reviewed the November 15, 2013 letter agreement between FHF and ARGL (the "Financing Agreement"); the January 30, 2014 letter from ARGL to Evans terminating the Financing Agreement; and PHRGL's January 30, 2014 Guaranty and Indemnity Agreement for the benefit of Mr. Evans. Based on this due diligence, LightRay agreed to purchase Thomas Evans' claims. As a result, LightRay and Evans entered into the Claims Purchase Agreement dated March 24,

2

2017 ("Evans Claims Purchase Agreement"), a redacted copy of which is attached hereto as Exhibit B.

9. In connection with its due diligence on BCA's claims, LightRay reviewed the October 3, 2015 consultancy agreement between BCA and ARGL (the "Consultancy Agreement") and PHRGL's October 3, 2015 Guaranty and Indemnity Agreement for the benefit of BCA. Based on this due diligence, LightRay agreed to purchase BCA's claims. As a result, LightRay and BCA entered into the Assignment and Assumption Agreement dated April 12, 2017 ("BCA Claims Purchase Agreement"), a redacted copy of which is attached hereto as Exhibit C.

10. The total value of Holling's, Evans', and BCA's claims that LightRay purchased is approximately $102,360,000. Attached hereto as Exhibit D are true and correct copies of the three claims Lightray filed in the Florida case on October 10, 2017.

11. As part of LightRay's due diligence on the three claims it purchased, LightRay reviewed numerous other documents, including the following, a true and correct copy of which is attached hereto:

(i)     Exhibit E: The Consolidated Particulars of Claim filed in the UK Action

(ii)    Exhibit F: The January 31, 2014 PHRGL Shareholders' Agreement;

(iii)   Exhibit G: The January 31, 2014 financing agreement evidencing the loan by Pontwelly Holding Company Limited to ARGL (the "Pontwelly Loan");

(iv)    Exhibit H: The Pledge Agreement securing the Pontwelly Loan;

(v)     Exhibit I: An August 20, 2015 order issued by Justice Warren preventing Vladislav Doronin and his affiliates from dissipating assets;

(vi)    Exhibit J: The July 21, 2015 notice Pontwelly issued that ARGL had defaulted on the Pontwelly Loan;

(vii)   Exhibit K: The July 21, 2015 Notification of Disposition of Collateral;

(viii) Exhibit L: The July 21, 2015 proposal seeking ARGL's consent to foreclose on the Silverlink shares in full satisfaction of the Pontwelly Loan;

(ix) Exhibit M: The Twelfth Witness Statement of Andrew Richard Dunn Filed in the UK Action;

(x) Exhibit N: The August 11, 2015 Notification of Cancelation of Sale;

(xi) Exhibit O: The Order of Hon. Barry Leon dated October 2, 2015;

(xii) Exhibit P: The Order of Hon. Gerard Farara dated Dec. 1, 2015;

(xiii) Exhibit Q: The March 3, 2016 agreement settling the UK Action;

(xiv) Exhibit R: The April 6, 2016 Report of the Joint Liquidators of PHRL. Though the report is marked "confidential," it was provided to LightRay without restrictions;

(xv) Exhibit S: Russell Crumpler's March 1, 2016 request to the PHRL creditors committee to approve the UK settlement.

I make this declaration under penalty of perjury pursuant to 28 U.S.C. § 1746

Dated: November 20, 2017

*Gerard Rem*
Gerard Rem

4